**FILED**

SEP 1 8 2006

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| PATRICK A. LINGO, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Cause No. |
| v. | ) |
| | ) Div. |
| STEVE M. BURLE, Both in his individual | ) |
| capacity and in his capacity as a police | ) JURY TRIAL DEMANDED |
| officer for the City of St. Louis, Missouri | ) |
| Serve: | ) |
| St. Louis Metropolitan Police Department | ) |
| 1200 Clark Ave | ) |
| St Louis, MO 63103 | ) |
| | ) |
| and | ) |
| | ) |
| JOHN L. LAPLANTE, Both in his | ) |
| individual capacity and in his capacity as | ) |
| a police officer for the City of St. Louis, | ) |
| Missouri | ) |
| Serve: | ) |
| St. Louis Metropolitan Police Department | ) |
| 1200 Clark Ave | ) |
| St Louis, MO 63103 | ) |
| | ) |
| and | ) |
| | ) |
| ROBERT J. BERNER, Both in his | ) |
| individual capacity and in his capacity as | ) |
| a police officer for the City of St. Louis, | ) |
| Missouri | ) |
| Serve: | ) |
| St. Louis Metropolitan Police Department | ) |
| 1200 Clark Ave | ) |
| St Louis, MO 63103 | ) |
| | ) |
| and | ) |
| | ) |
| FREDERICK Z. STITH, Both in his | ) |
| individual capacity and in his capacity as | ) |
| a police officer for the City of St. Louis, | ) |
| Missouri | ) |
| Serve: | ) |

**4  06CV01392CAS**

1

**St. Louis Metropolitan Police Department** )
**1200 Clark Ave**                              )
**St Louis, MO 63103**                          )
                                                )
**and**                                         )
                                                )
**SLC HOLDINGS, LLC,**                          )
**Serve:**                                      )
**Registered Agent**                            )
**Frederick O. Hanser**                         )
**250 Stadium Plaza**                           )
**St. Louis, MO 63102**                         )
                                                )
**and**                                         )
                                                )
**John Doe, both in his individual capacity**   )
**and in his capacity as an employee of**       )
**SLC Holdings, LLC,**                          )
**Serve:**                                      )
**Hold for Service**                            )
                                                )
**and**                                         )
                                                )
**JOSEPH WALSH, both in his individual**        )
**capacity and in his capacity as an**          )
**employee of SLC Holdings, LLC,**              )
**Serve:**                                      )
**100 S. 4ᵗʰ Street**                           )
**St. Louis, MO 63102**                         )
                                                )
      **Defendants.**                     )

## COMPLAINT

### DENIAL OF CIVIL RIGHTS, FAILURE TO INTERVENE AND PROVIDE AID BATTERY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND VIOLATION OF § 544.193 RSMo.

### JURISDICTION, PARTIES AND ALLEGATIONS COMMON TO ALL COUNTS

I.

This Civil Rights action is brought pursuant to the provisions of 42 U.S.C. § 1983 and the guarantees endowed upon each citizen of the United States by virtue of the Fourth, Fifth, Eighth

2

and Fourteenth Amendments to the United States Constitution. This Court may properly exercise jurisdiction over the subject matter hereof and the parties hereto pursuant to the provisions of 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and 1343 and other statutory and Constitutional provisions. All of Plaintiff's causes of action set forth herein accrued, and all of Defendants' acts and omissions complained of herein occurred, in the City of St. Louis, State of Missouri, and more particularly within the geographic territory encompassing this Court's jurisdiction.

II

Plaintiff Patrick A. Lingo (hereinafter "Plaintiff") is, and all times mentioned herein was, an individual and a natural citizen of the United States and a resident of the State of Missouri.

III

Defendants Steven Burle, John Laplante, Robert J. Berner, and Frederick Stith, were, at all times mentioned herein, employed by and working on behalf of the City of St. Louis and/or Defendant SLC Holdings, LLC, in their official capacities as police officers (hereafter each individually referred to as a "Police Defendant" and collectively as the "Police Defendants"). Further, at all times mentioned herein, the Police Defendants were acting in their individual capacities as the agents, servants and/or employees of the City of St. Louis and/or Defendant SLC Holdings, LLC; and further, at all times mentioned herein, the Police Defendants were acting under the color of the statutes, ordinances, customs, policies and usage of the City of St. Louis and the State of Missouri. Wherefore, Plaintiff brings this Civil Rights action against the Police Defendants, and each of them, both in their individual and official capacities.

IV.

The City of St. Louis is a municipal corporation duly organized, existing and operating pursuant to laws of the State of Missouri; and further, at all times mentioned herein, the City of St. Louis

3

was the principal, master and/or employer of the Police Defendants, and each of them; and further, the City of St. Louis is, and at all times mentioned herein was, responsible for promulgating, implementing and effectively enforcing the policies and procedures of the St. Louis Metropolitan Police Department (hereafter referred to as the "Department"). Among such aforesaid policies and procedures are policies and procedures concerning apprehending and subduing criminal suspects, the use of reasonable force in apprehending and subduing criminal suspects, and the general observation and preservation of criminal suspects' civil rights.

V.

SLC Holdings, LLC, (hereinafter "Defendant Cardinals") is a limited liability company duly organized, existing and operating pursuant to the laws of the State of Missouri with its principal place of business in the City of St. Louis, State of Missouri; and further, at all times mentioned herein, the Defendant Cardinals was the principal, master and/or employer of the Police Defendants, Defendant John Doe, and Defendant Joseph Walsh.

VI.

Defendant John Doe (hereinafter "John Doe") is an individual, at all times mentioned herein, employed by and working on behalf of the Defendant Cardinals and was acting in concert with the Police Defendants and under the color of the statutes, ordinances, customs, policies and usage of the City of St. Louis and the State of Missouri.

VII.

Defendant Joseph Walsh (hereinafter "Defendant Walsh") is an individual, at all times mentioned herein, employed by and working on behalf of the Defendant Cardinals and was acting in concert with the Police Defendants and under the color of the statutes, ordinances, customs, policies and usage of the City of St. Louis and the State of Missouri.

4

## VIII.

In their capacities as officers of the peace, at all times mentioned herein the Police Defendants were charged by the City of St. Louis with the duty of, and responsibility for enforcing the laws of their jurisdiction and of the United States and for acting in furtherance of the safety and protection of the citizens thereof; and further, for the discharge of the Police Defendants' duties and responsibilities, the City of St. Louis vested in them broad police-powers and authority over its citizenry. As a result of the aforesaid duties and responsibilities and attendant grant of authority, at all times mentioned herein, the Police Defendants held positions of great public trust and thereby owed to each citizen a further and higher duty to exercise restraint and good faith in wielding their power and authority.

## IX.

On or about July 23, 2005, Plaintiff was walking along South 8th Street in the City of St. Louis, State of Missouri.

## X.

At said time and location, Plaintiff was approached by a golf cart, which was occupied by the Police Defendants and John Doe. The Police Defendants and John Doe questioned Plaintiff about T-shirts Plaintiff had in his possession and the identity of the individual whom had printed said T-shirts.

## XI.

Plaintiff was then handcuffed behind his back by the Police Defendants and John Doe, and then transported to the old Busch Stadium, where Plaintiff was placed into a holding cell. The Police Defendants and John Doe then continued to question Plaintiff about the identity of the individual whom printed the T-Shirts. At no time was Plaintiff informed what, if any, charges were to be brought against Plaintiff or what Plaintiff's rights were.

XII.

During his stay in the holding cell at the old Busch Stadium, Police Defendants and John Doe used physical force and verbal harassment against Plaintiff while questioning Plaintiff for over a one-hour period, including, but not limited to, slapping, hitting, strangling, and performing a strip search of Plaintiff. During the questioning, Plaintiff requested to have an attorney, and at that time, was verbally harassed and assaulted by the Police Defendants; furthermore, Plaintiff's request was refused and Plaintiff was told by the Police Defendants that he is not entitled to have an attorney. Moreover, while being questioned by the Police Defendants, one of the Police Defendants picked up Plaintiff, whom had his hands handcuffed behind his back, pulled Plaintiff's shirt up around his neck, and began strangling Plaintiff. The Police Defendants also repeatedly and continually slapped and/or hit Plaintiff's face during the interrogation and performed a strip search of Plaintiff in the holding cell by pulling down Plaintiff's shorts, which was a swimsuit, and searching Plaintiff's genital area (hereinafter the "Strip Search"). Plaintiff also informed the Police Defendants and John Doe that the handcuffs were on too tightly. Plaintiff's hands swelled up and became numb as a result of the handcuffs being placed on so tight; however, the Police Defendants failed and refused to take the handcuffs off or loosen the handcuffs up for Plaintiff.

XIII.

During the entire course of the Police Defendants and John Doe's aforesaid violent and sadistic assault, battery, and strip search of Plaintiff (hereafter referred to as the "Battery"), all of the Police Defendants and John Doe remained very close by the scene. Neither the Police Defendants nor John Doe took any action whatsoever to physically intervene in any manner on behalf of Plaintiff and for his safety; and further, during the entire course of the aforesaid acts, the Police Defendants and John Doe uttered not a single word of objection, caution or restraint to

6

the remaining Police Defendant during the course of the Battery. Instead, the remaining Police Defendants and John Doe observed Plaintiff's aforesaid torture passively, approvingly and without comment. Furthermore, Defendant Walsh entered the holding cell during the course of the Battery, at which time Plaintiff pleaded with Defendant Walsh to assist him because of the actions of the Police Defendants and John Doe. However, Defendant Walsh failed and refused to take any action and left the Plaintiff in the holding cell area with the Police Defendants and John Doe.

### XIV.

Following his hold at the old Busch Stadium, Plaintiff was formally placed under arrest and transported to various locations by the Police Defendants in order to process and book Plaintiff.

### XV.

At the Department's station, Plaintiff was screened by a nurse, whom noted that Plaintiff had bruises on his wrist and redness on his neck.

### XVI.

Later that night, Plaintiff was released from the Department's custody and issued a summons for selling T-shirts without a vendor's license (hereinafter the "Ticket"). Upon review of the basis for the Ticket, the Ticket was nolle prosequied.

## COUNT I – DENIAL OF CIVIL RIGHTS

### All Defendants

1. Plaintiff hereby incorporates by reference Paragraphs I through XVI above, as if more fully set forth herein, and further states to the Court as follows:

2. The Battery was carried out in direct violation of Plaintiff's guaranteed protection under the laws and the Constitution of the United States, and more specifically in violation of the Fifth and Fourteenth Amendments thereto and the provisions of 42 U.S.C. § 1983 and the laws

and Constitution of the State of Missouri, including without limitation the provisions of §
544.170 RSMo.

3.     The Police Defendants and John Doe, in carrying out the Battery, were acting
under the color of the statutes, ordinances, customs, policies and usage of the City of St. Louis
and the State of Missouri.

4.     The Battery occurred and took place while Plaintiff was unarmed, helpless and in
the custody and under the control of the Police Defendants and John Doe; and further, the
Battery occurred and took place after Plaintiff had been physically restrained with handcuffs; and
further, at no time during the Battery did Plaintiff in any way whatsoever resist the orders of or
pose a threat to the safety of the Police Defendants, John Doe or any other person; and further, at
no time during the Battery did Plaintiff attempt to defend himself, as was his legal right.

5.     By virtue of the Battery, the Police Defendants and John Doe violated the rules
and regulations of the City of St. Louis, the Department, and the Defendant Cardinals regarding
the apprehension of suspects and the use of force to control suspects.

6.     As a direct and proximate result of the above described unlawful and malicious
acts of the Police Defendants and John Doe, Plaintiff suffered grievous bodily harm, extreme
pain and emotional distress.

7.     As aforesaid, Plaintiff was the victim of unjust and unjustifiable punishment and
torture administered in a sadistic manner that was grossly disproportionate to whatever Plaintiff's
suspected offense may have been; and further, the Battery constitutes cruel and unusual
punishment, depriving Plaintiff of the right to due process of the law under the laws and
Constitution of the United States, in particular the Fourth, Fifth, Eighth and Fourteenth
Amendments; and further, the Battery was unwarranted, cruel, excessive and outrageous in the
extreme.

8

8.      As a further result of the Battery, Plaintiff was deprived of those rights and immunities provided under the Constitution and Laws of the United States and the State of Missouri, including without limitation his right to be secure in his person, his right to be free from punishment without due process of law and his right to the equal protection of the laws.

9.      The Police Defendants and John Doe's aforesaid actions were conscious, deliberate and intentional, and in further violation of Plaintiff's guaranteed rights under the laws and the Constitution of the United States, more specifically in violation of the Fifth and Fourteenth Amendments thereto and the provisions of 42 U.S.C. § 1983 and the laws and Constitution of the State of Missouri, including without limitation the provisions of § 544.170 RSMo.

10.     The aforesaid acts and omissions of the Police Defendants and John Doe were sadistic, intentional, willful, wanton, and done with an evil motive and with an actual intention to cause harm to Plaintiff, thereby justifying the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff prays for judgment against the Police Defendants, John Doe, and Defendant Cardinals, and each of them, as follows:

A.      The award of compensatory damages in favor of Plaintiff in an amount in excess of $500,000.00;

B.      The assessment of punitive and exemplary damages in an amount in excess of $500,000.00;

C.      The award of Plaintiff's reasonable costs and expenses incurred herein;

D.      The award of Plaintiff's reasonable attorneys fees incurred in the prosecution of this action pursuant to 42 U.S.C. § 1988; and

E.      Such other and further relief as the Court may deem just and proper in the premises.

9

## COUNT II – FAILURE AND REFUSAL TO RENDER
## AID AND DENIAL OF CIVIL RIGHTS

**Police Defendants, Defendant Walsh, Defendant John Doe, Defendant Cardinals**

11.     Plaintiff hereby incorporates by reference Paragraphs I through XVI above, as if more fully set forth herein, and further states to the Court as follows:

12.     During the entire, protracted course of the Battery, the Police Defendants and John Doe were at all times present and observing the Battery; and further, were acting under the color of the statutes, ordinances, customs, policies and usage of Defendant City of St. Louis and the State of Missouri.

13.     Defendant Walsh entered the holding cell during the course of the Battery, at which time Plaintiff begged Defendant Walsh for assistance because of the actions of the Police Defendants and John Doe.

14.     During the entire, protracted course of the Battery, the Police Defendants, and each of them, and John Doe knew or reasonably should have know that: (i) the Battery was unlawful, (ii) the Battery was occurring and continuing in violation and contravention of Plaintiff's aforesaid rights under the laws and Constitutions of the United States and the State of Missouri, (iii) the Battery constituted a real, present and continuing threat to the safety, health and life of Plaintiff, and (iv) as police officers, they owed to Plaintiff an affirmative duty to intervene and provide aid.

15.     By failing and refusing to intervene and provide aid on Plaintiff's behalf, in direct contravention of their aforesaid affirmative duty to do so, the Police Defendants, John Doe, and Defendant Walsh violated Plaintiff's guaranteed rights under the laws and the Constitution of the United States, and more specifically the Fifth and Fourteenth Amendments thereto and the provisions of 42 U.S.C. § 1983 and the laws and Constitution of the State of Missouri.

10

16.    The aforesaid acts and omissions of the Police Defendants, John Doe, and Defendant Walsh were intentional, willful, wanton, and done with an evil motive and with an actual intention to cause harm to Plaintiff, thereby justifying the imposition of punitive and exemplary damages.

17.    As a direct and proximate result of the Police Defendants, John Doe, and Defendant Walsh's aforesaid refusal to render aid, Plaintiff suffered grievous bodily harm, extreme pain and emotional distress, all as aforesaid.

WHEREFORE, Plaintiff prays for judgment against the Police Defendants, Defendant John Doe, and Defendant Cardinals, and Defendant Walsh, and each of them, as follows:

A.    The award of compensatory damages in favor of Plaintiff in an amount in excess of $500,000.00;

B.    The assessment of punitive and exemplary damages in an amount in excess of $500,000.00;

C.    The award of Plaintiff's reasonable costs and expenses incurred herein;

D.    The award of Plaintiff's reasonable attorneys fees incurred in the prosecution of this action pursuant to 42 U.S.C. § 1988; and

E.    Such other and further relief as the Court may deem just and proper in the premises.

## COUNT III – BATTERY

### Police Defendants, Defendant John Doe, Defendant Cardinals

18.    Plaintiff hereby incorporates by reference Paragraphs I through XVI above, as if more fully set forth herein, and further states to the Court as follows:

19.    The Battery inflicted upon Plaintiff by the Police Defendants  and John Doe was willful, without provocation, without justification and without Plaintiff's consent or

11

authorization, and further was committed while the Police Defendants and John Doe were operating within the scope of their employment as a police officer by the City of St. Louis and/or as a security officer by the Defendant Cardinals.

20.     As a direct and proximate result of the Battery, Plaintiff suffered pain and agony, and the extreme fright, terror and humiliation.

21.     The aforesaid acts of the Police Defendants in committing the Battery upon Plaintiff were sadistic, intentional, willful, wanton, and done with an evil motive and with an actual intention to cause harm to Plaintiff, thereby justifying the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff prays for judgment against the Police Defendants, Defendant John Doe, and Defendant Cardinals as follows:

A.     The award of compensatory damages in favor of Plaintiff in an amount in excess of $500,000.00;

B.     The assessment of punitive and exemplary damages in an amount in excess of $500,000.00;

C.     The award of Plaintiff's reasonable costs and expenses incurred herein;

D.     The award of Plaintiff's reasonable attorneys fees incurred in the prosecution of this action; and

E.     Such other and further relief as the Court may deem just and proper in the premises.

## COUNT IV – INENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### All Defendants

22.     Plaintiff hereby incorporates by reference Paragraphs I through XVI above, as if more fully set forth herein, and further states to the Court as follows:

12

23.     The aforesaid acts and omissions of the Defendants, and each of them, were of such an extreme, outrageous and sadistic nature as to be far beyond the bounds of all recognized standards of decency and civility and therefore condemned as an unacceptable violation of the social compact.

24.     The Defendants, and each of them, knew, or in the exercise of ordinary care should have known, that their aforesaid acts and omissions of were of such a nature and type as to create a substantial likelihood of causing Plaintiff to suffer severe emotional distress.

25.     As a direct and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiff did suffer severe emotional distress, all as aforesaid.

26.     The aforesaid acts and omissions of the Defendants, and each of them, were intentional, willful, wanton, and done with an evil motive and with an actual intention to cause harm to Plaintiff, thereby justifying the imposition of punitive and exemplary damages.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

A.      The award of compensatory damages in favor of Plaintiff in an amount in excess of $500,000.00;

B.      The assessment of punitive and exemplary damages in an amount in excess of $500,000.00;

C.      The award of Plaintiff's reasonable costs and expenses incurred herein;

D.      The award of Plaintiff's reasonable attorneys fees incurred in the prosecution of this action; and

E.      Such other and further relief as the Court may deem just and proper in the premises.

13

## COUNT V – VIOLATION OF § 544.193 RSMo.

### Police Defendants and Defendant Cardinals

27.     Plaintiff hereby incorporates by reference Paragraphs I through XVI above, as if more fully set forth herein, and further states to the Court as follows:

28.     The aforesaid Strip Search conducted by the Police Defendants was performed in a holding cell at the old Busch Stadium, where the search was observed by numerous individuals not involved in physically conducting the search; and further was committed while the Police Defendants were operating within the scope of their employment as a police officer by the City of St. Louis and/or as a security officer by the Defendant Cardinals.

29.     Plaintiff was not being detained for a felony at the time of the Strip Search.

30.     The Police Defendants had no probable cause to believe that Plaintiff was concealing a weapon, evidence of the commission of a crime or contraband.

31.     The Police Defendants failed to obtain the written permission of the person in command of the Department in order to obtain the authorization to conduct the strip search.

32.     The Police Defendants failed to prepare a report regarding the Strip Search.

33.     The Defendants, and each of them, knew, or in the exercise of ordinary care should have known, that their aforesaid Strip Search was of such a nature and type as to create a substantial likelihood of causing Plaintiff to suffer severe emotional distress.

34.     As a direct and proximate result of the Strip Search, Plaintiff did suffer severe emotional distress, all as aforesaid.

35.     The aforesaid acts and omissions of the Police Defendants, and each of them, were intentional, willful, wanton, and done with an evil motive and with an actual intention to cause harm to Plaintiff, thereby justifying the imposition of punitive and exemplary damages.

14

WHEREFORE, Plaintiff prays for judgment against the Police Defendants and Defendant Cardinals, and each of them, as follows:

A.   The award of compensatory damages in favor of Plaintiff in an amount in excess of $500,000.00;

B.   The assessment of punitive and exemplary damages in an amount in excess of $500,000.00;

C.   The award of Plaintiff's reasonable costs and expenses incurred herein;

D.   The award of Plaintiff's reasonable attorneys fees incurred in the prosecution of this action; and

E.   Such other and further relief as the Court may deem just and proper in the premises.

**Respectfully submitted,**

**ENGELMEYER & PEZZANI, LLC**

By: _____
Anthony M. Pezzani, #512480
*tony@epfirm.com*
13321 N. Outer Forty Road, Suite 300
Chesterfield, MO 63017
(636) 532-9933 Phone
(314) 863-7793 Facsimile

ATTORNEY FOR PLAINTIFF

15