UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK A. LINGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-1392 CAS |
| | ) | |
| STEVE M. BURLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' Motion to Dismiss Count IV Against Defendants Joseph Walsh, Reggie Lawson, SLC Holdings, LLC, and Steven M. Burle and Count VI Against Defendant Walsh for Failure to State a Claim.[*] Plaintiff opposes the motion. For the following reasons, the motion will be denied.

**I.     Background**

On July 23, 2005, defendants allegedly unlawfully detained and battered plaintiff in a holding cell at the former Busch Stadium after he refused to reveal the supplier of the t-shirts in his possession. Plaintiff filed his amended complaint alleging, inter alia, causes of action for intentional infliction of emotional distress and false imprisonment against all defendants. Defendants have moved to dismiss plaintiff's claim for intentional infliction of emotional distress (Count IV) against all defendants, and plaintiff's claim of false imprisonment (Count VI) against defendant Walsh for failure to state a claim.

---

[*]Defendants filed two motions to dismiss. [Doc. 32 and 49]. Document 49 is identical to Document 32 except that it joins defendant Reggie Lawson in the motion.

## II. Discussion

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court recently held in Bell Atlantic Corp. v. Twombly, --- U.S. --,127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

"At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." Hanten v. School Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999) (quoting Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998)). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997).

A motion to dismiss should not be granted merely because a complaint does not state with precision every element of the claim necessary for recovery. Roberts v. Walmart Stores, Inc., 736 F. Supp. 1527, 1528 (E.D. Mo. 1990). "A complaint is sufficient if it contains allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." Id. (internal quotations and citation omitted).

A. Intentional Infliction of Emotional Distress (Count IV)

Under Missouri law, to recover for intentional infliction of emotional distress, plaintiff must show (1) defendants' conduct was extreme and outrageous; (2) defendants acted intentionally or recklessly; and (3) defendants' conduct caused extreme emotional distress resulting in bodily harm. See Central Missouri Elec. Coop. v. Balke, 119 S.W.3d 627, 636 (Mo. App. W.D. 2003). In addition, the plaintiff must establish that the "sole intent in acting was to cause emotional distress." Id. The Eighth Circuit recently held that medically documented damages are not required to establish the tort of intentional infliction of emotional distress under Missouri law. See Bogan v. General Motors Corp., --- F.3d ----, 2007 WL 2428515, *3 (8th Cir. Aug. 29, 2007).

Defendants argue that plaintiff does not allege that his emotional distress resulted in bodily harm or that it was medically diagnosable, medically significant, and serious enough to require some medical attention. Plaintiff responds that he alleged "emotional distress and physical injury" as a result of his arrest and detention. He also states that he alleged defendants' acts were done "with evil motive and with an actual intention to cause harm to Plaintiff." (Pl. Resp. at 2) (quoting Am. Compl., ¶¶ 16, 21, 26, 35, 44).

As noted above, under Missouri law, medically documented damages are not necessary to establish a claim for intentional infliction of emotional distress. Although plaintiff's amended complaint does not state with precision every element of the claim of intentional infliction of emotional distress, it contains sufficient allegations from which an inference can be drawn that evidence will be introduced at trial. See Roberts, 736 F. Supp. at 1528. The amended complaint alleges that plaintiff suffered emotional distress and physical injury and that defendants acted with an evil motive and the actual intention to cause such harm to plaintiff. Plaintiff does not state precisely

3

that he suffered emotional distress that resulted in bodily harm, but that inference can be drawn. In light of the applicable standard, the Court concludes that plaintiff has stated a claim of intentional infliction of emotional distress against defendants. Defendants' motion to dismiss for failure to state a claim as to Count IV should be denied.

B.   False Imprisonment (Count VI)

Defendants also move to dismiss plaintiff's false imprisonment claim against defendant Joseph Walsh. Defendants argue that plaintiff "does not state how Defendant Walsh instigated, caused, or procured the detention," only that defendant Walsh questioned him while he was detained. Plaintiff responds that his amended complaint alleges that defendants "alone or in combination, instigated, caused, or procured the detention and arrest of Plaintiff." (Pl. Resp. at 3) (quoting Am. Compl., ¶ 38). Plaintiff also alleges that while he was being detained, he was questioned by defendant Walsh. Id.

In Missouri, the elements of a cause of action for false imprisonment are (1) the detention or restraint of plaintiff against his will, and (2) the unlawfulness of such detention. See Ivy v. Wal-Mart Stores, Inc., 777 S.W.2d 682, 683-84 (Mo. App. W.D. 1989). "Liability attaches where it can be shown that the defendant instigated, caused, or procured the arrest." Id. Plaintiff had clearly alleged that he was unlawfully detained against his will, and defendants (including defendant Walsh) instigated, caused, or procured the arrest. See Am. Compl., ¶ 38. In light of the applicable standard, the Court concludes that plaintiff's allegations are sufficient to state a cause of action against defendant Walsh for false imprisonment. Defendants' motion to dismiss Count VI against defendant Walsh should be denied.

### III. Conclusion

For the foregoing reasons, the Court will deny defendants' motion to dismiss Count IV against all defendants and defendants' motion to dismiss Count VI as to defendant Walsh.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss Count IV Against Defendants Joseph Walsh, Reggie Lawson, SLC Holdings, LLC and Steven M. Burle and Count VI Against Defendant Walsh for Failure to State a Claim is **DENIED**. [Docs. 32 and 49]

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 20th day of September, 2007.