**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PATRICK A. LINGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-1392 CAS |
| | ) | |
| STEVE M. BURLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Fred Stith's motion to exclude the testimony of plaintiff's expert, Dr. Jule Miller. Plaintiff opposes the motion. For the following reasons, the Court will deny defendant's motion.

## Background

On July 23, 2005, defendants allegedly unlawfully detained and battered plaintiff in a holding cell at the former Busch Stadium after he refused to reveal the supplier of t-shirts he was selling near the stadium. Plaintiff filed his amended complaint alleging, inter alia, causes of action for intentional infliction of emotional distress and false imprisonment against all defendants.

Plaintiff has designated Jule P. Miller, Jr., M.D. as an expert. Dr. Miller intends to testify as to his opinion that plaintiff is experiencing post traumatic stress disorder resulting from the alleged incident. Dr. Miller testified at deposition that this incident "was an extremely frightening, embarrassing, humiliating, traumatic scene and experience, and one that shook [plaintiff] deeply." (Deposition of Dr. Jule Miller ("Miller Dep.") at 22).

**Legal Standard**

The admission of expert testimony in federal court is governed by Federal Rule of Evidence 702. Lauzon v. Senco Prods., Inc., 270 F.3d 681, 686 (8th Cir. 2001). "Rule 702 reflects an attempt to liberalize the rules governing the admission of expert testimony." Weisgram v. Marley Co., 169 F.3d 514, 523 (8th Cir. 1999), aff'd, 528 U.S. 440 (2000). The rule "favors admissibility if the testimony will assist the trier of fact." Clark v. Heidrick, 150 F.3d 912, 915 (8th Cir. 1998). Doubt regarding whether an expert's testimony will be useful should generally be resolved in favor of admissibility. See id. "The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence." Lauzon, 270 F.3d at 686.

In Daubert, the United States Supreme Court interpreted Rule 702 to require district courts to be certain that expert evidence based on scientific, technical or other specialized knowledge is "not only relevant, but reliable." Daubert, 509 U.S. at 589. The district court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Daubert at 592-93.

Under Daubert, the district courts have broad discretion to admit expert testimony. See Kuhmo Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 153 (1999). A court may admit somewhat questionable testimony if it falls within "the range where experts might reasonably differ, and where the jury must decide among the conflicting views . . . ." Id. (citing Daubert, 509 U.S. at 596). "Regardless of what factors are evaluated, the main inquiry is whether the proffered expert's testimony is sufficiently reliable. See Unrein v. Timesavers, Inc., 394 F.3d 1008, 1011 (8th Cir. 2005) ('[t]here is no single requirement for admissibility as long as the proffer indicates that the expert

evidence is reliable and relevant.').")  <u>First Union Nat'l Bank v. Benham</u>, 423 F.3d 855, 861 (8th Cir. 2005).

**<u>Discussion</u>**

Defendant challenges Dr. Miller's opinion that plaintiff suffers post traumatic stress disorder ("PTSD"), stating that he reached his opinions "without regard to any accepted criteria for the disorder." Specifically, defendant states that the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, ("DSM-IV") contains the "universally accepted criteria for defining mental disorders and describing corresponding symptoms." Defendant states that because Dr. Miller testified that plaintiff "seemed adequately to fit *my* picture of PTSD," as opposed to the DSM-IV criteria, that Dr. Miller's opinion is unreliable under <u>Daubert</u> and should be excluded.

Defendant cites only one line of Dr. Miller's testimony regarding his reliance on the DSM-IV. The fuller context of the discussion is as follows:

> Q.    And is post-traumatic stress disorder, is that defined somewhere in some kind of formal medical way?
>
> A.    Yes, it's defined in a number of places. Perhaps the most formal would be in the Diagnostic and Statistical Manual of the American Psychiatric Association.
>
> . . .
>
> Q.    Is that the definition that you're using for post-traumatic stress disorder in forming your opinion?
>
> A.    In a general sense. I mean . . . I don't usually go down and check all the different things to see how many there are and that sort of thing. And I don't use the definition, which I don't think is used very much anymore, which is one's life is in danger.

I think there's a lot of traumatic situations which produce PTSD where a person does not reasonably feel that their life is truly in danger. So I use it. It informs me, but I don't follow the program.

Q. Is there anything else that informs your definition of PTSD?

A. Just a lot of experience with people that have all of the earmarks of PTSD and don't necessarily fit all the criteria.

Q. And you mentioned that – I'm referring to DSM-IV-TR definition of post-traumatic stress disorder. Did you actually go through the diagnostic criteria for PTSD with regard to Patrick Lingo before forming your opinion.

A. No.

Q. And why is that?

A. Because I don't usually do that, get out the book and go through each thing, no.

Q. And do you have some reason to not do that?

A. I just didn't think it was necessary to do it.

Q. And why not?

A. Because he seemed adequately to fit my picture of PTSD.

. . .

A. I did not feel that I needed to go to a book and look up criteria to make a diagnosis of PTSD. I've been doing that for many years. . . .

. . .

Q. So in your mind you didn't need to do any of those things other than talk with Patrick for an hour and a half to diagnose him with PTSD, is that correct?

A. That's absolutely correct.

Q. Now, you said you didn't review or use the diagnostic criteria under DSM-IV-TR for post-traumatic stress disorder with Patrick, is that right?

A.      I didn't review them.  Obviously I've read them many times and heard them discussed and so forth and so on.

Q.      In your knowledge of what's contained in the diagnostic criteria for PTSD, are there any criteria that Patrick did not meet for post-traumatic stress disorder?

A.      Well, I'm not sure there were actually.  You know, in terms of degree this was not the most severe PTSD that I've ever seen.  One of the controversial criteria is does there need to be a fear for your life. . . . However, Patrick has said he feared for his life.  His hands were tightly handcuffed behind his back and a strong man in a rage was choking him and he didn't know how far he was going to go and he didn't know if he was going to live.  So, no, I can't think of any criteria that –

[At this point, Dr. Miller was interrupted by defendant's counsel's next question.]

(Dr. Miller Dep. at 54-55, 62-64).

The Court finds defendant's argument that Dr. Miller did not rely on established criteria for diagnosing PTSD is factually inaccurate.  Based on his deposition testimony, Dr. Miller is well-aware of the criteria for diagnosing PTSD, and is aware of the DSM-IV definition of PTSD.[*]  Dr. Miller said that he relied on the DSM-IV criteria in a general sense, and that it informed his diagnosis.  In fact, when questioned, Dr. Miller stated that plaintiff's symptoms met all the criteria of PTSD under the DSM-IV.  (Miller Dep. at 63-64).

Significantly, defendant has not cited the DSM-IV definition of PTSD for the Court.  Nor has defendant argued that Dr. Miller's diagnosis of plaintiff is unsupported by the DSM-IV criteria.

_____

[*] Although Dr. Miller's qualifications and curriculum vitae have not been challenged by defendant, they are relevant.  Dr. Miller graduated with a M.D. with honors from Washington University School of Medicine and has been board eligible in psychiatry since 1959.  Dr. Miller's current positions include a faculty member for the St. Louis Psychoanalytic Institute, attending staff in psychiatry for St. Louis University Hospitals, professor of clinical psychiatry for the St. Louis University School of Medicine, active staff at Barnes-Jewish Hospital, and an assistant professor of clinical psychiatry at Washington University Medical School.  Dr. Miller testified that he has attended seminars on PTSD, read articles on PTSD, and investigated different forms of treatment for PTSD.

Rather, defendant argues only that at one point in his deposition, Dr. Miller stated that plaintiff "seemed adequately to fit *my* picture of PTSD." Based on this quotation, taken out of context, defendant argues that Dr. Miller relies "entirely on [his] personal opinions for the PTSD diagnosis, unsupported by any authoritative references or teachings." (Pl. Mem. at 3). This argument is simply not supported by the record.

Moreover, even if the Court were to assume that Dr. Miller did not employ the DSM-IV criteria (and further that his diagnosis was not consistent with the DSM-IV criteria), courts addressing this issue rarely exclude an expert from testifying under <u>Daubert</u> for failure to adhere to the DSM. <u>See</u> <u>S.M. v. J.K.</u>, 262 F.3d 914, 921-22 (9th Cir. 2001) ("[A] variance from the DSM's diagnostic criteria will not automatically result in an unreliable diagnosis. Instead, after <u>Daubert</u>, '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'"); <u>Mancuso v. Consolidated Edison Co.</u>, 967 F. Supp. 1437, 1454 & n.20 (S.D.N.Y. 1997) (citing cases in which the court did not exclude an expert from testifying under <u>Daubert</u> for failure to adhere to the DSM, including <u>United States v. DiDomenico</u>, 985, F.2d 1159, 1167 (2d Cir. 1993) and <u>United States v. Harris</u>, 1994 WL 683429 at *4 (S.D.N.Y. Dec. 6, 1994)).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Fred Stith's motion to exclude expert testimony by Dr. Jule Miller is **DENIED**. [Doc. 69]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>25th</u> day of April, 2008.